IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JERRI LEIGH JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-cv-00614 |
| | ) | TRAUGER/BRYANT |
| COVENANT TRANSPORT, | ) | |
| Defendant. | ) | |

To: The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

By order entered July 2, 2009 (Docket Entry No. 4.), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motions.

Plaintiff Jerri Leigh Jackson, of Louisville, Kentucky, filed this pro se action in *forma pauperis* under Title VII of the Civil Rights Act of 1964, Civil Rights Act of 1991, and Age Discrimination in Employment Act against defendant Covenant Transport ("Covenant"). (Docket Entry No. 1.) Plaintiff seeks compensatory damages, punitive damages, and injunctive relief. (Id.) Pursuant to Federal Rule of Civil Procedure 41(b), Covenant filed a motion to dismiss for failure to prosecute on May 6, 2011. (Docket Entry No. 43.) Plaintiff did not respond. The undersigned issued an Order to Show Cause on June 7, 2011, ordering plaintiff Jackson to show cause, by June 27, 2011, why defendant's motion to dismiss should not be granted. (Docket Entry No. 50.) To date, plaintiff has not responded.

As further explained below, the undersigned recommends that defendant's motion to dismiss plaintiff's action for failure to prosecute be GRANTED and that plaintiff's action be

1

dismissed WITHOUT PREJUDICE.

## II. Procedural Background

Plaintiff filed her complaint in this court on June 26, 2009 (Docket Entry No. 1.) but did not effect service on defendant until December 10, 2010. (Docket Entry No. 31.) Defendant filed its answer on December 29, 2010 (Docket Entry No. 33) and the undersigned issued a Scheduling Order on January 4, 2011. (Docket Entry No. 36.) The order set a deadline of May 6, 2011 for all discovery motions and June 8, 2011 for all dispositive motions. (Id.)

The clerk of court sent this scheduling order to plaintiff by certified mail, but the letter was returned as "unclaimed; unable to forward" on March 16, 2011. (Docket Entry No. 39.)

Defendant claims it tried to contact plaintiff by certified mail two times in March, first requesting her availability for deposition and then serving her with discovery requests. (Docket Entry No. 44, p. 2.) Both times the Post Office returned the letters as "unclaimed; unable to forward." (Id.) In each instance, defendant filed notice with the court that its letter was stamped "return to sender" and was not delivered. (Docket Entry Nos. 41-42.)

Plaintiff Jackson filed a Notice of Address Change on July 28, 2010 (Docket Entry No. 18.), informing the court and defendant of her new "homeless address" – a post office box in Louisville, Kentucky. This court and the defendant have used the address provided in subsequent communications to the plaintiff. Plaintiff has filed no further notice of address change and has not appeared in this action since December 29, 2010 (Docket Entry Nos. 34-35.), five months after apparently becoming homeless.

## III. Conclusions of Law

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the defendant may move to dismiss the action or any claim against it." The Sixth Circuit, however, has noted that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (quoting Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (5th Cir. 1978)). The Sixth Circuit has further noted that courts, in reviewing such motions, should consider four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. Schafer v. City of Defiance Police Dept., 529 F.3d 731, 737 (6th Cir. 2008).

Here, the undersigned finds factors two and three to be dispositive. Defendant has been wholly unable to conduct discovery or prepare its defense, despite the fact that the final deadline for discovery requests was more than four months ago. This is not a case of a plaintiff simply missing deadlines or filing inadequate briefs. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 593-94 (6th Cir. 2001) (determining that the district court abused its discretion in granting a motion to dismiss for failure to prosecute). Plaintiff Jackson has taken *no action* in this case for over six months and has provided neither this court nor the defendant with an address where she can be reached. Providing the court with valid contact information is a responsibility of every plaintiff, and failure to abide by this basic requirement can constitute grounds for Rule 41(b) dismissal. White v. City of Grand Rapids, 34 Fed. App'x 210, 211 (6th Cir. May 7, 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to

3

keep the district court appraised of his current address."). Plaintiff was duly warned by the undersigned in a show cause order that her failure to respond to the mailings directed to her address of record could lead to the dismissal of her complaint. (Docket Entry No. 50.) Under these circumstances, the undersigned finds dismissal for failure to prosecute an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." Carter, 636 F.2d at 161.

Rule 41(b) states that dismissal for failure to prosecute constitutes an adjudication on the merits "unless the dismissal order states otherwise." Because plaintiff Jackson is proceeding *pro se* and because defendant Covenant has not asserted that her failure to prosecute has been willful or in bad faith, the undersigned specifically recommends that plaintiff's complaint be dismissed WITHOUT PREJUDICE. While "dismissal of a case for lack of prosecution is appropriate when a pro se litigant fails to adhere to readily comprehended court deadlines," May v. Pike Lake State Park, 8 Fed. App'x 507, 508 (6th Cir. May 1, 2001), dismissal without prejudice is more in keeping with plaintiff's level of misconduct here, and with this court's strong preference for adjudicating cases on the merits. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993); see also Muncy v. G.C.R. Inc., 110 Fed. App'x 552 (6th Cir. Sept. 7, 2004).

Finally, the undersigned recommends that defendant's request to assess costs against the plaintiff (Docket Entry No. 43.) be DENIED. The dismissal recommended here would not render the defendant a "prevailing party" under Federal Rule of Civil Procedure 54(d)(1), see Hodak v. Madison Capital Mgmt., LLC, 2008 WL 5395957, at *1 (E.D. Ky. Dec. 18, 2008) (citing, e.g., Oscar v. Alaska Dep't of Educ. & Early Dev., 54 F.3d 978, 981-82 (9th Cir. 2008), and, in any event, the record reveals that plaintiff lacks the capacity to pay any costs assessed,

4

given her apparent indigence and homelessness.  See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989) (citing In re Ruben, 825 F.2d 977, 987 (6th Cir. 1987)).

### IV.  Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendant Covenant Transport's motion to dismiss for failure to prosecute be GRANTED, and that the claims against it be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 7th day of October, 2011.

                                                 s/  
                                                 JOHN S. BRYANT  
                                                 UNITED STATES MAGISTRATE JUDGE