IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRI LEIGH JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:09-0614 |
| ) | Judge Trauger |
| COVENANT TRANSPORT, ) | Magistrate Judge Bryant |
| ) | |
| Defendant. ) | |

**O R D E R**

On October 7, 2011, the Magistrate Judge issued a Report and Recommendation (Docket No. 55), to which the *pro se* plaintiff has filed a lengthy document that the court interprets as an attempt to object to the Report and Recommendation (Docket No. 58), and to which to the defendant has filed a Response (Docket No. 59).[1]

The Magistrate Judge's recommended ruling relates to a dispositive matter. Therefore, pursuant to Rule 72(b), FED. R. CIV. P., and 28 U.S. C. § 636(b)(1)(C), this court must review *de*

---

[1] After the preparation of this ruling but before its entry, the plaintiff made another filing entitled "Motion of Opposition to Dismissal" (Docket No. 60), which is a reply to the defendant's Response (Docket No. 59). In this filing, the plaintiff maintains that, "I am now back & we need to proceed. This has made all of you angry–this last packet of info from me. Now you know I have a case!" (Docket No. 60 at 8) She maintains that her mailing address is still the post office box in Louisville, Kentucky, but claims that she did not receive certain filings in this case. She argues, "I cannot be held responsible for or against a prosecution angle if she did not sign for those documents." (*Id.* at 11) She maintains that scheduling conferences and depositions must now be done "in person," "from scratch" and furnishes two phone numbers where she may be reached. Nothing in this filing changes this court's ruling. The plaintiff has an obligation to keep the court informed of her address and to receive documents and orders filed in the case. The plaintiff has been out of touch with the court and the defendant for months on end since the filing of this case in 2009, and her last-minute efforts to be excused from this pattern of behavior are without merit. Her alternative at this point is to appeal this court's dismissal of her case to the Sixth Circuit Court of Appeals in a timely fashion.

1

*novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and constitutes a waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The plaintiff has filed several hundred pages of rambling discourse, newspaper articles and other documents that do not constitute specific objections to the Report and Recommendation. Therefore, the court cannot conduct a *de novo* review of the specific objections to the Report and Recommendation because there are none. The plaintiff has identified no factual or legal reason why the court should reject the Report and Recommendation, which thoroughly and competently addresses whether or not the plaintiff's case should be dismissed for failure to prosecute pursuant to Rule 41(b), FED. R. CIV. P. For that reason, to the extent that the plaintiff's filing constitutes objections to the Report and Recommendation, they are **OVERRULED**. The Report and Recommendation (Docket No. 55) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, this case is **DISMISSED WITHOUT PREJUDICE** under Rule 41(b), FED. R. CIV.P., for failure to prosecute, with no fees or costs assessed against the plaintiff.

It is so **ORDERED.**

Enter this 22nd day of November 2011.

ALETA A. TRAUGER
U.S. District Judge